**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>John A. Johnson, and<br>Latha Johnson,<br><br>Debtors. | Case No. 26-50434<br><br>Chapter 7<br><br>Judge Tiffany Strelow Cobb |
| Ashish Dhemre, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>John A. Johnson, *et al.*,<br><br>Defendants. | Adv. Proc. No. 26-02039 |

**<u>NITHIN JOHNSON AND NEETHI JOHNSON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**
**(Related to Doc. #1)**

Defendants Nithin Johnson ("Nithin") and Neethi Johnson ("Neethi") (collectively, the "Nondebtor Defendants"), by and through undersigned counsel, move under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, to dismiss every claim asserted against them in the *Adversary Complaint to Determine Nondischargeability of Debt and to Deny Discharge and Fraudulent Transfer Claims* (Doc. #1) (the "Complaint"). The Court lacks subject-matter jurisdiction over the standalone state-law claims against the Nondebtor Defendants. The Bankruptcy Code's ("Bankruptcy Code" or "Code") discharge provisions do not apply to them. The remaining allegations do not state a plausible claim. A memorandum in support follows.

Respectfully submitted,

*/s/ Gregory H. Melick*
Gregory H. Melick, Trial Attorney (0065694)
Nathaniel W. Rose (0099458)
SEBALY SHILLITO + DYER
A Legal Professional Association
220 East Monument Avenue, Suite 500
Dayton, Ohio 45423
(937) 222-2500
(937) 222-6554 (fax)
gmelick@ssdlaw.com
nrose@ssdlaw.com
*Counsel for Defendants*
*Nithin Johnson and Neethi Johnson*

# MEMORANDUM IN SUPPORT

## I. Introduction

This is a bankruptcy dispute against Dr. John Johnson ("Dr. Johnson") and Latha Johnson who filed Chapter 7. Nithin and Neethi did not file for bankruptcy. (Doc. #1, ¶¶ 4, 8, PageID #3–4). Yet the Complaint adds Nithin and Neethi, two nondebtor family members, to claims directed at Dr. Johnson's discharge. It also places four distinct state-law theories into a single count and seeks joint-and-several personal liability. (Doc. #1, ¶¶ 65–79 & Prayer ¶¶ B, D–E, PageID #12–14).

The allegations specific to Nithin and Neethi are sparse. The Complaint alleges that Nithin helped Hospital Innovations or East Ohio Regional Hospital obtain emergency loans to cover payroll and critical operating expenses. (Doc. #1, ¶ 25, PageID #7). It does not allege that he received or misused the proceeds. The Complaint alleges that Neethi received $276,790.80 over unspecified dates, described only as "salary and draws." (Doc. #1, ¶ 28, PageID #7). It does not identify the transferor, the source account, the services performed, or facts showing fraudulent intent. Neither allegation plausibly states a claim.

The balance is collective pleading. Plaintiffs allege that "Debtor and Defendants" omitted information, interfered with membership interests, used an "enterprise" as an alter ego, and commingled entity funds. (Doc. #1, ¶¶ 19–20, PageID #6; ¶¶ 75–79, PageID #13–14). But the Complaint never identifies what Nithin or Neethi said, agreed to, converted, concealed, or controlled. Labels are not facts. Group pleading is not notice.

Each threshold defect independently requires dismissal. Counts I through V concern a debtor's discharge and cannot operate against Nithin or Neethi. Count VI asserts state-law theories among nondebtors, seeks a personal recovery for Plaintiffs, and alleges no effect on the bankruptcy

estate. The entity-level claims belong to Hospital Innovations or its subsidiaries. Any claim to avoid a transfer of Dr. Johnson's property belongs to the Chapter 7 trustee unless the Court authorizes derivative standing. Plaintiffs allege no demand, refusal, authorization, or proposed benefit to the estate.

## II. Allegations Relevant to Nithin Johnson and Neethi Johnson

1. Plaintiffs[1] invested in Hospital Innovations. They allege that each paid a $500,000 capital contribution and a $60,000 administrative fee in exchange for membership interests. (Doc. #1, ¶ 9, PageID #4; ¶ 74, PageID #13). Hospital Innovations is an Ohio limited liability company. Its operations ran through wholly owned subsidiaries, including the East Ohio Regional Hospital. (Doc. #1, ¶¶ 6–7, PageID #4).

2. The Complaint first identifies Nithin and Neethi together. It calls them "necessary or proper parties" because "they have received Hospital Innovations funds through insider transactions." (Doc. #1, ¶ 8, PageID #4). That collective conclusion is not supported by defendant-specific facts. The Complaint identifies no Hospital Innovations funds received by Nithin. It identifies no transfer to him, no amount, no date, no transferor, no account, and no consideration.

3. The next Nithin-specific allegation appears twenty-seven paragraphs later. Plaintiffs allege that Dr. Johnson and Nithin, then acting as chief operating officer, caused Hospital Innovations or East Ohio Regional Hospital to obtain two emergency loans totaling $2 million "to cover payroll and critical operating expenses." (Doc. #1, ¶ 25, PageID #7). The Complaint does

[1] Ashish Dhemre, Elisheba Cingapagu, Shital Vikramsinh Katkar, Raj Shekhar, Le Thi Nguyet, Vo Thanh Tung, Tran Xuan Son, Stephen Van Der Walt, Sirisha Vasantha, Kartikkumar Trivedi and Jan Rutgers collectively comprise "Plaintiffs".

not allege that Nithin received the proceeds, misused them, guaranteed the loans, made any misrepresentation, or acted outside his purported role as "chief operating officer." It alleges only that he participated in obtaining emergency operating funds for nondebtor entities.

4. The only Neethi-specific allegation states that Dr. Johnson transferred "at least $276,790.80 over the course of various dates" to Neethi under the description "salary and draws." (Doc. #1, ¶ 28, PageID #7). The Complaint does not identify the dates. It does not identify any date, transferor account, payment source, or particular transaction. It does not allege that Neethi performed no services, that the compensation was excessive, that she knew of any fraudulent purpose, or that she agreed with anyone to injure Plaintiffs.

5. Counts I through V of the Complaint must be dismissed because the allegations are insufficient to show that Plaintiffs are creditors of Dr. Johnson. Moreover, even if Plaintiffs were creditors of Dr. Johnson, the allegations set forth in the Complaint fail to support any claim under 11 U.S.C. §§ 523(a) or 727(a)(2) or (3) against Nithin Johnson or Neethi Johnson.

6. Count VI adds no defendant-specific facts. It compresses "Fraudulent Transfer, Conversion, Civil Conspiracy or Alter Ego" in a single count and refers collectively to "Debtor and Defendants." (Doc. #1, ¶¶ 73–79, PageID #13–14). It does not identify which theory applies to Nithin, which applies to Neethi, or what act either allegedly committed. Nevertheless, Plaintiffs seek damages, avoidance, a constructive trust, an accounting, injunctive relief, fees, and joint-and-several liability against them. (Doc. #1, Prayer ¶¶ D–E, PageID #14). Those allegations frame the only question presented by this Motion: whether the Complaint states any claim within this Court's jurisdiction against Nithin or Neethi. It does not.

7. The disjointed assortment of claims set forth in Count VI likewise must be dismissed for several reasons, including because pleading all such claims within a single count violates Civil

Rule 10, as made applicable to this proceeding by Bankruptcy Rule 7010, and because the allegations relating to the claims are wholly conclusory.

## III. Standard for Motion to Dismiss

Civil Rule 12(b)(6) applies in adversary proceedings. Fed. R. Bankr. Proc. 7012(b). Likewise, Civil Rule 12(b)(1) applies through Bankruptcy Rule 7012. *Id.* Plaintiffs bear the burden to establish subject-matter jurisdiction. To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] A plausible claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555. The factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Civil Rule 8(a), as made applicable by Bankruptcy Rule 7008, establishes the basic requirements for pleadings in all federal civil actions. It states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). With respect to any claim with a fraud component, however, Civil Rule 9(b), as made applicable by Bankruptcy Rule 7009, imposes a heightened pleading requirement and requires a party to "state with particularity the circumstances constituting fraud or mistake." *Franke v.*

[2] The plausibility pleading standard continues to be rigorously applied in bankruptcy adversary proceedings. In *In re Celsius Network LLC*, 676 B.R. 647 (Bankr. S.D.N.Y. 2025), the court reaffirmed that the *Twombly/Iqbal* standard governs motions to dismiss in adversary proceedings and that group pleading—a plaintiff cannot "simply clump defendants together in vague allegations to meet the pleading requirements of Rule 9(b)"—remains a basis for dismissal. (Quoting *In re Aegean Marine Petroleum Network, Inc.*, 529 F. Supp. 3d 111, 147 (S.D.N.Y.2021))

*Norfolk S. Ry. Co.*, Case No. 3:20 CV 2152, 2021 U.S. Dist. LEXIS 159285, at *9 (N.D. Ohio Aug. 24, 2021).

## IV. <u>Law and Argument</u>

### A. Counts I through V fail to state claims against Neethi Johnson or Nithin Johnson.

Counts I through IV presuppose that a debt exists. Plaintiffs then seek a determination of nondischargeability under various subsections of 11 U.S.C. § 523(a). Plaintiffs, in all respects, put the cart before the horse. "The first step in any analysis under § 523(a), however, is not whether a debt is non-dischargeable, it is whether a debt even exists—a 'threshold condition' to whether § 523(a) applies." *In re Pearl*, 577 B.R. 513, 523 (Bankr. E.D. Ky. 2017) (citing *Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998)); *see also In re Leist*, 398 B.R. 595, 601 (Bankr. S.D. Ohio 2008) ("As elementary as it may seem, a creditor must establish that he is owed a debt before it can be determined that the debt is nondischargeable under any § 523(a) exception to discharge."). "A 'debt' is defined in the [Bankruptcy] Code as 'liability on a claim,' [and] a 'claim' is defined in turn as a 'right to payment[.]'" *Pearl*, 577 B.R. at 523 (quoting *Cohen*, 523 U.S. at 218); *see also* 11 U.S.C. § 101(5). "Whether a valid claim exists must be determined in accordance with state law *before* a bankruptcy court decides whether, under federal law, the debt is non-dischargeable[.]" *Id*. at 523-24 (emphasis in original).

Here, the defect is more fundamental: neither Nithin's nor Neethi's "discharge" is before the Court. Counts I through IV therefore fail against them *before* the Court reaches any exception to discharge. Even so, when subjected to the scrutiny of the Bankruptcy Code, the Code confirms that result. Section 523 provides that a discharge "does not discharge an individual debtor" from specified debts. 11 U.S.C. § 523(a). Section 727 governs whether "the debtor" receives a discharge. 11 U.S.C. § 727(a). Nithin and Neethi are not debtors. The Complaint says so. (Doc.

#1, ¶¶ 7-8, PageID #3–4)[3]. No debt owed by either Nondebtor Defendant is being discharged in this case. There is no discharge controversy between Plaintiffs and Nithin or Neethi.

Counts I, II, III, and V principally refer to "Debtor." (Doc. #1, ¶¶ 46–64, 68–72, PageID #10–13). If those counts are not directed at Nithin or Neethi, they provide no basis to keep them in the action. If Plaintiffs intended to assert those counts against them through incorporated allegations or collective references, the counts fail as a matter of law because §§ 523 and 727 provide no relief against a nondebtor.

Count IV is more explicit and more defective. It alleges that "Debtor and Defendants" violated unspecified federal or Ohio securities laws and asks the Court to determine that "Debtor's and Defendants' debt" is nondischargeable under § 523(a)(19). (Doc. #1, ¶¶ 65–67, PageID #12; Prayer ¶ B, PageID #14). Section 523(a)(19) can determine whether a securities debt owed by Dr. Johnson is discharged. It cannot make Nithin or Neethi liable merely because Plaintiffs placed them in Dr. Johnson's adversary proceeding.

A § 523(a)(2)(A) claim requires a debtor's knowing material misrepresentation, intent to deceive, justifiable reliance, and proximate loss. *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280–81 (6th Cir. 1998). A promise about future conduct is actionable only if made without an intent to perform. *DuCanto v. Fleck, LLP (In re Potter)*, 616 B.R. 745, 752 (Bankr. N.D. Ill. 2020). The Complaint identifies no representation or promise by Nithin or Neethi. It identifies no time, place, content, intent, or reliance tied to either one. (Doc. #1, ¶¶ 11–20, PageID #5–6; ¶¶ 46–60, PageID #10–11)

Section 523(a)(4) is no different. Fraud or defalcation requires an express or technical trust predating the wrong; a common-law fiduciary relationship is insufficient. *In re Bazell*, 677 B.R.

[3] Dr. Johnson is the only party referred to as "Debtor" and is listed in the caption of the case as "Debtors" along with Latha Johnson.

836, 847 (Bankr. S.D. Ohio 2026) (citing *Commonwealth Land Title Co. v. Blaszak (In re Blaszak*), 397 F.3d 386, 391 (6th Cir. 2005)). Embezzlement requires entrusted property, appropriation for an unauthorized use, and circumstances indicating fraud. *Id.* at 848–49 (citing *Cash Am. Fin. Servs., Inc. v. Fox (In re Fox)*, 370 B.R. 104, 115–16 (B.A.P. 6th Cir. 2007)). The Complaint alleges no trust involving Nithin or Neethi and no property entrusted to either one by Plaintiffs.

Section 523(a)(6) requires a willful and malicious injury—conduct undertaken without just cause or excuse, with knowledge or substantial certainty that injury will result. *Bazell*, 677 B.R. at 850 (quoting *MarketGraphics Rsch. Grp., Inc. v. Berge (In re Berge)*, 953 F.3d 907, 914 (6th Cir. 2020)). Obtaining emergency financing for payroll and operating expenses does not plausibly allege that Nithin intended injury. (Doc. #1, ¶ 25, PageID #7). Receiving unspecified "salary and draws" does not plausibly allege that Neethi intended injury. (Id. ¶ 28).

Nor can Count V apply to the Nondebtor Defendants. Denial of discharge is an extraordinary remedy construed liberally for the debtor, and the grounds must be real and substantial rather than technical or conjectural. *In re Wylie*, 119 F.4th 1043, 1045 (6th Cir. 2024) (citing *Wise v. Wise (In re Wise)*, 590 B.R. 401, 433 (Bankr. E.D. Mich. 2018)). Neither Nithin nor Neethi seeks a discharge here—*there is no debt to discharge*. Count V requests only denial of Dr. Johnson's discharge. (Doc. #1, ¶¶ 68–72, PageID #12–13). It supplies no claim against Nithin or Neethi.

**B. The Court Lacks Subject-Matter Jurisdiction over Count VI against Nithin Johnson and Neethi Johnson**

Bankruptcy jurisdiction extends to proceedings "arising under" title 11, "arising in" a bankruptcy case, or "related to" a bankruptcy case. 28 U.S.C. § 1334(b). Count VI invokes no

Bankruptcy Code cause of action against Nithin or Neethi. Fraudulent transfer under state law, conversion, civil conspiracy, and alter ego exist outside bankruptcy. They neither arise under title 11 nor arise in this case.

Related-to jurisdiction exists only if the proceeding's outcome could conceivably affect the bankruptcy estate. *In re Wolverine Radio Co.*, 930 F.2d 1132, 1140–42 (6th Cir. 1991). The Sixth Circuit recently applied that rule to prepetition disputes among nondebtors. A bankruptcy court lacks jurisdiction over a dispute that does not affect the estate, even when nearly identical claims appear in an adversary proceeding. *Autumn Wind Lending, LLC v. Estate of Siegel*, 92 F.4th 630, 636–38 (6th Cir. 2024); *see also Sanders Confectionery Prods., Inc. v. Heller Fin.*, Inc., 973 F.2d 474, 483 (6th Cir. 1992). Jurisdiction involving nondebtors is determined by § 1334(b), not supplemental jurisdiction. *Autumn Wind*, 92 F.4th at 638; *Wolverine Radio*, 930 F.2d at 1140–45.

The Complaint alleges no conceivable estate effect. Hospital Innovations, East Ohio Regional Hospital, Nithin, and Neethi are not debtors. Plaintiffs say the challenged funds belonged to Hospital Innovations or its affiliates. (Doc. #1, ¶¶ 6–10, PageID #4; ¶¶ 74–79, PageID #13–14). They demand payment to themselves, not recovery for Dr. Johnson's estate. (Doc. #1, Prayer ¶¶ D–E, PageID #14). They allege no indemnity, contribution, or other obligation by the estate arising from a judgment against Nithin or Neethi. Common facts do not supply jurisdiction. *In re Houghton*, 164 B.R. 146, 148–49 (Bankr. W.D. Wash. 1994); *In re Bruemmer Dev., LLC*, 515 B.R. 551, 559–61 (Bankr. E.D. Mich. 2014).

Other courts reach the same result when state-law claims involve only nondebtors and non-estate property. *See Guarino v. DVI Fin. Servs. (In re DVI, Inc.)*, 324 B.R. 548, 551–52 (Bankr. D. Del. 2005); *In re Blanchard*, 545 B.R. 18, 26–27 (Bankr. C.D. Cal. 2016). Subject-matter jurisdiction and statutory authority are separate requirements. *In re W.R. Grace & Co.*, 384 B.R.

670, 675 (Bankr. D. Del. 2008). Count VI satisfies neither as to the Nondebtor Defendants. The Court should therefore dismiss Count VI under Rule 12(b)(1). Alternatively, if the Court finds a conceivable effect on the estate, it should abstain under 28 U.S.C. § 1334(c)(1). Count VI presents undeveloped state-law claims among nondebtors, involving assets of nondebtor entities, with no pleaded benefit to the estate. Comity, efficient administration, and the predominance of state law favor dismissal without prejudice to any properly authorized action in an appropriate forum.

**C. Plaintiffs Do Not Own Claims Based on Injury to Hospital Innovations or its Subsidiaries.**

Count VI also fails because the pleaded injury belongs to the entities—*not Plaintiffs individually*. Plaintiffs allege that entity capital was diverted, encumbered, pledged, and commingled; that affiliated entities entered loans and related-party transactions; and that those acts made Plaintiffs' membership interests worthless. (Doc. #1, ¶¶ 74–79, PageID #13–14). That is a classic derivative injury.

An action to redress injury to a corporation must be brought in the corporation's name. A shareholder cannot sue individually merely because injury to the corporation diminished the value of the shareholder's interest. *Warren v. Mfrs. Nat'l Bank*, 759 F.2d 542, 544–45 (6th Cir. 1985). The same rule applies in bankruptcy. *See In re Whittle*, 449 B.R. 427, 429–31 (Bankr. M.D. Fla. 2011); *In re SBMC Healthcare, LLC*, 519 B.R. 172, 184–86 (Bankr. S.D. Tex. 2014); *In re Neighbors Legacy Holdings, Inc.*, 645 B.R. 864, 874–76 (Bankr. S.D. Tex. 2022); *In re Melo*, 558 B.R. 521, 557–60 (Bankr. D. Mass. 2016).

Plaintiffs confirm the derivative nature of the theory. They allege membership interests, entity-level transactions, entity-level losses, and destruction of entity value. (Doc. #1, ¶¶ 25–38, PageID #7–9; ¶¶ 74–79, PageID #13–14). They do not allege a distinct injury caused by Nithin or

Neethi to a personal legal right. *Compare In re SBMC Healthcare*, 519 B.R. at 185–86 (distinguishing direct injury to a shareholder's personal rights).

Plaintiffs also did not plead an Ohio derivative action. Ohio law permits a member to sue in the right of an LLC only by complying with Ohio Revised Code §§ 1706.61 through 1706.617. A member must make a written demand and ordinarily wait ninety days. Ohio Rev. Code § 1706.612. The Complaint alleges no demand, rejection, waiting period, irreparable-injury exception, adequate representation, or recovery sought for Hospital Innovations. It seeks personal judgments instead. (Doc. #1, Prayer ¶¶ D–E, PageID #14).

That defect also defeats the discharge theories to the extent they depend upon misuse of entity property. LLC members are not "creditors to whom such debt is owed" when the LLC suffered the injury. *Whittle*, 449 B.R. at 430–31. Likewise, an alleged claim belonging to a corporation does not give a corporate creditor standing to object to the principal's discharge. *In re Bane*, 426 B.R. 152, 160–63 (Bankr. W.D. Pa. 2010); *see also In re Blixseth*, 459 B.R. 444, 460–62 (Bankr. D. Mont. 2011).

### D. Only the Chapter 7 Trustee May Pursue Estate Avoidance Claims Absent Court-Authorized Derivative Standing.

Count VI also alleges that Dr. Johnson transferred his interest in Hospital Innovations to 360 Healthcare. (Doc. #1, ¶ 78, PageID #14). To the extent Plaintiffs seek to avoid a transfer of Dr. Johnson's property under §§ 544, 547, 548, or 550, the claim belongs to the estate. The trustee has the exclusive right to pursue fraudulent-conveyance claims during the bankruptcy. *Hatchett v. United States*, 330 F.3d 875, 886 (6th Cir. 2003). The Code repeatedly assigns those powers to "the trustee." 11 U.S.C. §§ 544(b), 548(a), 550(a). Courts accordingly recognize that the trustee has independent standing to pursue Chapter 5 claims and estate causes of action. *In re Cooper*, 405

B.R. 801, 807–08 (Bankr. N.D. Tex. 2009); *In re Wilson*, 527 B.R. 253, 266–67 (Bankr. N.D. Tex. 2015); *In re Rosenblum*, 545 B.R. 846, 858–59 (Bankr. E.D. Pa. 2016).

A creditor may obtain derivative standing only through judicial authorization and only for a colorable claim pursued for the estate after appropriate demand and unjustified refusal. *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231, 242–45 (6th Cir. 2009); *In re Blume*, 625 B.R. 662, 672–73 (Bankr. E.D. Mich. 2021); *In re Dzierzawski*, 518 B.R. 415, 421–22 (Bankr. E.D. Mich. 2014). Prior court permission is a prerequisite. *In re Chapman Lumber Co.*, 343 B.R. 217, 220–21 (Bankr. N.D. Iowa 2006). Some courts reject creditor derivative standing in Chapter 7 altogether. *In re CHN Constr., LLC*, 531 B.R. 126, 132–34 (Bankr. E.D. Va. 2015); *but see In re Foster*, 516 B.R. 537, 541–42 (B.A.P. 8th Cir. 2014).

Plaintiffs plead none of the required facts. They do not allege a demand on the trustee, an unjustified refusal, court authorization, prosecution on behalf of the estate, or a recovery for all creditors. They instead demand personal payment. (Doc. #1, Prayer ¶¶ D–E, PageID #14). They cannot usurp the trustee's role. The pleaded transferee of Dr. Johnson's membership interest is 360 Healthcare—not Nithin or Neethi. (Doc. #1, ¶¶ 33–38, PageID #8–9; ¶ 78, PageID #14). A fraudulent-transfer remedy ordinarily runs against a transferee or the person for whose benefit the transfer occurred. *See* 11 U.S.C. § 550(a); Ohio Rev. Code § 1336.08. The Complaint does not allege that either Nondebtor Defendant received Dr. Johnson's membership interest or benefited from that transfer. Consequently, the avoidance theory fails against them twice over.

**E. Count VI violates Rules 8, 9(b), and 10(b).**

Count VI's form confirms its inadequacy. Civil Rule 10(b), incorporated by Bankruptcy Rule 7010, requires separate counts when doing so promotes clarity. Plaintiffs combine fraudulent

transfer, conversion, civil conspiracy, and alter ego in one count. (Doc. #1, Count VI, PageID #13). They do not identify the governing law, the elements invoked, the transaction supporting each theory, or the defendant targeted by each theory.

Seven paragraphs then speak almost entirely about "Debtor and Defendants." (Doc. #1, ¶¶ 73–79, PageID #13–14). That pleading does not tell Nithin whether he supposedly received money, converted property, joined a conspiracy, controlled an entity, or benefited from Dr. Johnson's transfer. It does not tell Neethi whether her alleged "salary and draws" support one theory or all four. A complaint must explain what each defendant did. *See In re Operations NY LLC*, 490 B.R. 84, 95–96 (Bankr. S.D.N.Y. 2013); *In re PennySaver USA Publ'g, LLC*, 602 B.R. 256, 270–71 (Bankr. D. Del. 2019); *In re TransCare Corp.*, 592 B.R. 272, 286–87 (Bankr. S.D.N.Y. 2018).

Any theory based on actual fraud *requires* particularity. Yet paragraph 28 alleges an amount paid to Neethi only "over the course of various dates." (Doc. #1, ¶ 28, PageID #7.) It gives no dates, transferor, source account, services, consideration, or facts supporting intent. Paragraph 8's assertion that both Nondebtor Defendants received funds through "insider transactions" is a conclusion contradicted by the absence of any Nithin-specific transfer. (Doc. #1, ¶ 8, PageID #4.) The pleading stops well short of plausibility. *See Iqbal*, 556 U.S. at 678; *In re Celsius Network LLC*, 676 B.R. 647, 659–60 (Bankr. S.D.N.Y. 2025).

**F. None of Count VI's four theories states a claim against Nithin or Neethi.**

i. <u>Fraudulent Transfer</u>

A fraudulent-transfer claim requires an identified transfer, an identified debtor or transferor, an identified asset, and facts satisfying an actual- or constructive-fraud theory. Count VI identifies only Dr. Johnson's transfer to 360 Healthcare. (Doc. #1, ¶ 78, PageID #14.) That

transfer did not involve Nithin or Neethi. The only Neethi allegation describes compensation, not when it was paid, from whom, or why it lacked reasonably equivalent value. (Doc. #1, ¶ 28, PageID #7.) No transfer to Nithin is identified anywhere.

ii. <u>Conversion</u>

Ohio conversion requires wrongful dominion or control over property belonging to the plaintiff. *Girard Techs., Inc. v. Stiles*, 2025-Ohio-4869, 273 N.E.3d 935 (7th Dist.). Plaintiffs allege that they contributed capital to Hospital Innovations in exchange for membership interests. (Doc. #1, ¶ 9, PageID #4; ¶ 74, PageID #13.) The contributed money became entity property. The Complaint identifies no Plaintiff-owned property controlled by Nithin or Neethi. It identifies no demand and refusal. The conversion theory fails.

iii. <u>Civil Conspiracy</u>

Civil conspiracy requires a malicious combination of two or more persons, injury, and an independent unlawful act. *Lee v. Countrywide Home Loans, Inc.*, 692 F.3d 442, 446 (6th Cir. 2012). The Complaint identifies no agreement, participants, formation date, communications, objective, or act by either Nondebtor Defendant in furtherance of a conspiracy. Emergency business loans and compensation do not themselves establish an unlawful agreement. (Doc. #1, ¶¶ 25, 28, PageID #7). The collective label "Debtor and Defendants" cannot supply the missing facts.

iv. <u>Alter Ego</u>

Alter ego is a liability doctrine, not a freestanding tort. Piercing requires facts showing complete control, use of that control to commit fraud or an illegal act, and resulting injury. *Dombroski v. WellPoint,* 119 Ohio St. 3d 506, 2008-Ohio-4827, 895 N.E.2d 538 ¶ 18, 29 (2008). It is a rare exception. *Id.* at ¶¶ 17, 26. The Complaint does not allege that Nithin or Neethi owned or completely controlled Hospital Innovations, East Ohio Regional Hospital, or any other entity.

It alleges Dr. Johnson controlled them. (Doc. #1, ¶¶ 10, 21, 33–38, PageID #4–9). No veil can be pierced to impose entity liability on a person who is not alleged to exercise the required control.

The allegation that "Debtor and Defendants" used an "enterprise" as a "mere instrumentality and alter ego" simply repeats the theory's label. (Doc. #1, ¶ 76, PageID #13). It identifies no entity obligation to impose, no individual controlling actor besides John, and no illegal use of control by Nithin or Neethi. *Iqbal* requires facts. The Complaint offers none.

## V. <u>CONCLUSION</u>

The Complaint attempts to pull two nondebtors into one debtor's discharge proceeding. Counts I through V do not apply to Nithin or Neethi. Count VI lies outside this Court's subject-matter jurisdiction, belongs in substantial part to nondebtor entities or the Chapter 7 trustee, violates the pleading rules, and fails under each state-law theory it names. Nithin Johnson and Neethi Johnson therefore respectively request that the Court dismiss all Plaintiffs' claims asserted against them. Dismissal of Counts I through V and the legally incurable portions of Count VI should be dismissed with prejudice. Any remaining state-law theory should be dismissed without prejudice for lack of jurisdiction or, alternatively, under permissive abstention.

Respectfully submitted,

*<u>/s/ Gregory H. Melick</u>*

Gregory H. Melick, Trial Attorney (0065694)
Nathaniel W. Rose (0099458)
SEBALY SHILLITO + DYER
A Legal Professional Association
220 East Monument Avenue, Suite 500
Dayton, Ohio 45423
(937) 222-2500
(937) 222-6554 (fax)
gmelick@ssdlaw.com
nrose@ssdlaw.com
*Counsel for Defendants*
*Nithin Johnson and Neethi Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of *Defendants Nithin Johnson and Neethi Johnson's Notice of Filing of Motion to Dismiss Complaint* was served on the date of filing electronically through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court and on August 7, 2026 by regular U.S. Mail on the following:
.

Hospital Innovations
c/o Harold Ramsey
570 Barnett Place
Ridgewood, NJ 07450

Access Martins Ferry, LLC
c/o Harold Ramsey
570 Barnett Place
Ridgewood, NJ 07450

Martins Ferry, LLC
90 N 4th Street
Martins Ferry, OH 43935

East Ohio Hospital
c/o Harold Ramsey
570 Barnett Place
Ridgewood, NJ 07450

Brent A. Stubbins
P.O. Box 488
Zanesville, OH 43702

Office of the U.S. Trustee
170 North High Street, Suite 200
Columbus, OH 43215

*/s/ Gregory H. Melick*
Gregory H. Melick



6038097.2