**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>John A. Johnson, and<br>Latha Johnson,<br><br>Debtors. | Case No. 26-50434<br><br>Chapter 7<br><br>Judge Tiffany Strelow Cobb |
| Ashish Dhemre, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>John A. Johnson, *et al.*,<br><br>Defendants. | Adv. Proc. No. 26-02039 |

**REPLY OF JOHN A. JOHNSON IN SUPPORT**
**OF MOTION TO DISMISS COMPLAINT**
**(Related to Docs. 19 and 22)**

## I. Introduction

Plaintiffs' response (Doc. 22) (the "Response") does not remedy the fundamental deficiencies of the Complaint identified in the *Motion of John A. Johnson to Dismiss Complaint* (Doc. 19) (the "Motion").[1] To the contrary, the Response confirms that Plaintiffs have failed to plead the threshold requirements of any action under 11 U.S.C. §§ 523 and 727, namely the existence of a debt owed by Dr. Johnson to Plaintiffs. Rather than identifying any cognizable claim giving rise to personal liability against Dr. Johnson, the Response merely repeats the

[1] Citations to the Motion refer to page numbers of the memorandum in support. Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Motion.

Complaint's conclusory allegations of fraud, misconduct, and wrongdoing in an attempt to transform Plaintiffs' equity investment in Hospital Innovations into a tort claim against Dr. Johnson. Accordingly, the Response only underscores why dismissal remains warranted.

## II. Argument

### A. Plaintiffs have not adequately pled the existence of any debts owed by Dr. Johnson.

Counts I through IV of the Complaint are causes of action under various subsections of 11 U.S.C. § 523(a), and Count V is a cause of action objecting to Dr. Johnson's discharge under 11 U.S.C. § 727(a). To maintain a cause of action to except a debt from discharge under § 523(a) or objecting to discharge under § 727(a), a creditor must establish the existence of an underlying debt owed by the debtor. *See Lawson v. Conley (In re Conley)*, 482 B.R. 191, 207 (Bankr. S.D. Ohio 2012) ("In order to establish the nondischargeability of a debt, the creditor must first show the existence of a debt under state law.") (citation omitted); 11 U.S.C. § 727(c) (limiting the parties that may bring a cause of action under § 727(a) to the trustee, a creditor, and the UST). In a "situation in which the creditor did not obtain a judgment on its state law claims prior to the debtor filing bankruptcy[,] a non-dischargeability action under § 523(a)(2)[, (a)(4),] and (a)(6) . . . typically must include a claim to establish the debt." *Clock Tower by West Element, Ltd. v. Scott (In re Scott)*, Case No. 25-03037, 2026 WL 1824050, at *12 (Bankr. S.D. Ohio June 23, 2026). *See also Lorentz v. Dick (In re Dick)*, No. 24-10766, 2025 WL 1635507, at *4 (Bankr. S.D. Ohio Feb. 12, 2025) (finding that a complaint is insufficient because, among other reasons, the complaint failed to "set forth the non-bankruptcy law cause(s) of action that the Plaintiffs intend to use to establish the Debtor's liability and damages[,]" and stating that such "cause(s) of action should be set forth separately from the one to except the debt from discharge").

In this case, Plaintiffs have not merely failed to plead their purported non-bankruptcy causes of action in separate counts; they have failed to plead such causes of action at all. Rather than identifying the substantive legal claims that allegedly give rise to a debt owed by Dr. Johnson, the Complaint simply assumes the existence of a debt and proceeds directly to requests for nondischargeability and denial of discharge.

The Response only confirms the deficiency of the pleading. Plaintiffs merely point to a laundry list of factual allegations in the Complaint – certain of which are materially false[2] – that they assert "are allegations that Debtor personally engaged in wrongful conduct that caused Plaintiffs' economic harm[.]" Complaint at 10. Based on this, Plaintiffs contend that they "have sufficiently alleged the existence of claims against Debtor." *Id.*

The Response, however, does not identify – or point to any instance in the Complaint that identifies – any non-bankruptcy law claims or causes of action giving rise to the existence of the alleged debts or even identify whether any such claims allegedly arise under Ohio law, the law of another state, and/or non-bankruptcy federal law. In other words, Plaintiffs point to 29 paragraphs of factual allegations in the Complaint[3] and ask this Court to determine – and Dr. Johnson to determine and defend against – the particular claims and causes of action that may exist based on such allegations. This approach is wholly improper.

Plaintiffs cannot satisfy their pleading obligations by alleging a collection of purported facts and then leaving it to the Court and Dr. Johnson to determine what legal claims might arise therefrom. The Civil Rules require Plaintiffs to identify their causes of action and plead facts supporting each element thereof, thereby providing fair notice of the claims being asserted. *See*

[2] As noted in the Motion, Dr. Johnson has not previously filed bankruptcy. Motion at 7, n.3.

[3] According to the Response, paragraphs 14 through 43 of the Complaint are the "allegations that Debtor personally engaged in wrongful conduct that caused Plaintiffs' economic harm[,]" and based on which Plaintiffs believe they "have sufficiently alleged the existence of claims against Debtor." Response at 10.

*Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("The primary purpose of [Civil Rule 8 and 10] is to give defendants fair notice of the claims against them and the grounds supporting the claims."). Plaintiffs' failure to do so renders the Complaint deficient and underscores why dismissal is warranted.

In addition, Plaintiffs state as follows in an attempt to establish the underlying debts: "Significantly, Debtor has also identified Plaintiffs on Schedules E/F as 'unsecured creditors', thereby acknowledging the existence of obligations owed to them. Thus, the Court must accept Plaintiffs' factual allegations and Debtor's Schedules as true and draw all reasonable inferences in Plaintiffs' favor." Response at 5. While it is true that Plaintiffs were identified on Dr. Johnson's bankruptcy schedules (Doc. 24, Case No. 26-50434) (the "<u>Schedules</u>"), what Plaintiffs fail to disclose is that the alleged claim of each and every Plaintiff is listed on the Schedules as contingent, unliquidated, and disputed. Thus, Plaintiffs' assertion that Dr. Johnson has acknowledged the existence of obligations owed to Plaintiffs is patently false.

For the foregoing reasons, Plaintiffs have failed to sufficiently plead claims asserting the existence of a debt owed by Dr. Johnson to Plaintiffs. Accordingly, Claims I through V of the Complaint should be dismissed.

**B. Even if the existence of a debt had been properly pled, the allegations in the Complaint are inadequate to state a claim under any subsection of § 523(a).**

The separate counts of the Complaint are pleaded without regard to the essential elements of the causes of action they purport to assert. Instead, Plaintiffs rely on a lengthy "common facts" section containing numerous allegations of alleged misconduct by Dr. Johnson and then incorporate those allegations wholesale into each count. Dr. Johnson strongly disputes many of the Complaint's factual allegations; however, even accepting them *arguendo*, they fall well short of establishing the elements necessary to support the causes of action asserted.

i. <u>Section 523(a)(2) (Count I)</u>

Plaintiffs continue to conflate alleged misconduct with the existence of an actionable claim under 11 U.S.C. § 523(a)(2). As explained in the Motion, debts are only nondischargeable under § 523(a)(2) if they are for money, property, or services "to the extent ***obtained by***" either "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" or through use of a statement in writing that meets the elements of § 523(a)(2)(B). 11 U.S.C. § 523(a)(2) (emphasis added). In other words, "the fraud must have existed at the time of, and been the methodology by which, the money, property or services were obtained." *Wilcoxon Construction, Inc. v. Woodall (In re Woodall)*, 177 B.R. 517, 523 (Bankr. D. Md. 1995). *See also Marcusen v. Glen (In re Glen)*, 639 F.3d 530, 533 (8th Cir. 2011) ("To succeed in having the [debtors'] debt excepted from discharge pursuant to § 523(a)(2)(A), the [creditors] were required to prove that the [debtors] obtained money or property from them concurrent with the [debtors'] misrepresentation."). "Subsequent misrepresentations have no effect upon the dischargeability of a debt, since the false representation could not have been the creditor's reason for the extension of credit." *Woodall*, 177 B.R. at 524 (quoting *Doug Howle's Paces Ferry Dodge, Inc. v. Ethridge (In re Ethridge)*, 80 B.R. 581, 587 (Bankr. M.D. Ga. 1987)).

Although the Response repeatedly references paragraphs 14 through 43 of the Complaint, those allegations largely consist of assertions regarding subsequent amendments to operating agreements, business difficulties, lending transactions, the eventual failure of the enterprise, and the sale of Dr. Johnson's interest in Hospital Innovations, all of which took place after Plaintiffs made their investments in Hospital Innovations in February 2022. Indeed, the only allegations concerning "misrepresentations" that occurred before or at the time Plaintiffs made their investments were related to alleged non-disclosures by Dr. Johnson, namely that he did not

disclose that he (a) previously filed for bankruptcy protection in 2005 (which is untrue); (b) previously entered into a $425,000 settlement with the U.S. Department of Justice arising from false claims in the healthcare context; and (c) is personally liabile on cognovit promissory notes secured by EOH. Complaint at ¶ 14; Response at 7. Assuming *arguendo* that such allegations are true, the Complaint (and Response) are devoid of any indication that Dr. Johnson had a duty to make the disclosures that Plaintiffs allege were omitted. Thus – as all other complained of conduct occurred after Plaintiffs made their investments in Hospital Innovations – Plaintiffs have failed to plead any plausible claim under 11 U.S.C. § 523(a)(2). *See Street v. Wilken (In re Wilken),* 377 B.R. 927, 932 (Bankr. M.D. Fla. 2006) ("To be actionable under § 523(a)(2)(A), it is fundamental that a debtor's failure to disclose must be about material facts and the debtor *must have the duty to disclose* such facts." (emphasis in original) (citations and internal quotation marks omitted)); *Demerdjian v. Thompson (In re Thompson),* 354 B.R. 174, fn. 4 (Bankr. E.D. Tenn. 2006) ("A failure to disclose information may constitute a fraudulent misrepresentation for the purposes of the dischargeability statute, but only when one has a duty to speak.").

For these reasons and those stated in the Motion, Count I of the Complaint should be dismissed.

ii. <u>11 U.S.C. § 523(a)(4) (Count II)</u>

With respect to Plaintiffs' asserted causes of action under 11 U.S.C. § 523(a)(4), the Response does nothing more than repeat certain of the conclusory allegations set forth in the Complaint, demonstrating that Plaintiffs have not and cannot state plausible claims for relief under such section. As described in the Motion, a claim to except a debt from discharge "for fraud or defalcation while acting in a fiduciary capacity" requires the existence of an express or technical trust. *See Go-Mart, Inc. v. Bazell (In re Bazell)*, 677 B.R. 836, 847 (Bankr. S.D. Ohio 2026). The

Complaint asserts no facts suggesting the existence of an express or technical trust, and the Plaintiffs do not argue to the contrary in the Response. Indeed, the uncontroverted allegations in the Complaint are that Plaintiffs made equity investments in Hospital Innovations (*see* Complaint at ¶ 9), meaning that such funds were not subject to an express or technical trust for Plaintiffs' benefit.

In addition, the Response indicates that Plaintiffs allege "embezzlement or larceny based on diversion ***of the enterprise funds and receivables*** to insiders and undisclosed accounts." Response at 13. While the allegations regarding any improper diversion of funds are entirely conclusory (in addition to being baseless), such statement confirms that the funds and receivables that Plaintiffs allege were embezzled or wrongfully taken were not property of any Plaintiff, but were property of "the enterprise" (i.e., Hospital Innovations, EOH, and/or AMF). Accordingly, Plaintiffs have not stated any plausible claim for relief under any provision of 11 U.S.C. § 523(a)(4). *See Kraus Anderson Capital, Inc. v. Bradley (In re Bradley)*, 507 B.R. 192, 200 (B.A.P. 6th Cir. 2014) ("The first prong of an 'embezzlement claim [under § 523(a)(4)] requires a showing that the property, allegedly embezzled by the defendant, was the property of the plaintiff.'" (quoting *Fla. Outdoor Equip., Inc. v. Tomlinson (In re Tomlinson)*, 220 B.R. 134, 136 (Bankr. M.D. Fla. 1998)); *Bazell*, 677 B.R. at 849 ("Under federal common law, larceny is defined as the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." (quoting *Greer v. Bruce (In re Bruce)*, 593 B.R. 765, 773 (Bankr. S.D. Ohio 2018)).

iii. <u>11 U.S.C. § 523(a)(6) (Count III)</u>

The Response likewise repeats Plaintiffs' conclusory allegations set forth in the Complaint regarding 11 U.S.C. § 523(a)(6), and further confirms, in plain language, that Plaintiffs' claim

under Count III is defectively plead. The entirety of Plaintiffs' argument regarding § 523(a)(6) is as follows:

> Section 523(a)(6) applies to debts arising from willful and malicious injury by a debtor. Here, the Complaint alleges that Debtor intentionally concealed material information, diverted the enterprise assets, executed unauthorized insider transactions, and transferred the enterprise in 2025 while insolvent to hinder Plaintiffs' investments. ***These allegations describe intentional misconduct*** – not mere negligence – and support a claim for willful and malicious injury.

Response at 13 (emphasis added).

Even if Plaintiffs' allegations were not wholly conclusory and therefore not insufficient for that reason alone, Section 523(a)(6) requires an intentional injury, not merely an intentional act. *See Kawaauhau v. Geiger*, 523 U.S. 57, 57 (1998) (holding that nondischargeability under § 523(a)(6) "takes a deliberate or intentional *injury*, not merely . . . a deliberate or intentional *act* that leads to injury" (emphasis in original)). Count III of the Complaint therefore must be dismissed because the allegations relating thereto are conclusory in nature, and because Plaintiffs have not appropriately pled intent to injure. *See Bazell*, 677 B.R. at 850 (dismissing a complaint, including a cause of action under § 523(a)(6), where the complaint alleged an intentional act and alleged – but only in conclusory fashion – that the debtor intentionally caused injury).

iv. <u>11 U.S.C. § 523(a)(19) (Count IV)</u>

As to Count IV of the Complaint asserted under 11 U.S.C. § 523(a)(19), Plaintiffs again rely on generalized references to alleged misconduct of Dr. Johnson in connection with and after completion of their investments in Hospital Innovations. Under 11 U.S.C. § 523(a)(19)(B), however, for a debt resulting from a violation of securities law to be nondischargeable, the debt "must be memorialized in a judicial or administrative order, or in a settlement agreement." *Hardwick v. Anderson as Co-Trs. of Allan G. Anderson Revocable Living Tr.*, 658 B.R. 123, 129 (E.D. Tex. 2024).

There exists no judicial or administrative order or settlement agreement awarding or otherwise creating any debt owed by Dr. Johnson in favor of any of the Plaintiffs – let alone a debt for a violation of securities law. Moreover, the Complaint and the Response fail to identify any specific federal or state securities law allegedly violated, the elements of any such claim, or facts demonstrating how those elements have been met. Thus, Plaintiffs have not adequately pled any cause of action under any securities law, and the Complaint cannot fairly be read as seeking a money judgment or determination of liability that would satisfy the requirements of 11 U.S.C. § 523(a)(19). Count IV must be dismissed.

**C. The Response does not cure the defects in the Complaint regarding Plaintiffs' objection to discharge under 11 U.S.C. § 727(a).**

The Complaint seeks denial of a discharge to Dr. Johnson pursuant to 11 U.S.C. § 727(a)(2) or (3). "[D]enial of a debtor's discharge is a severe remedy, exceptions to discharge are strictly construed in the debtor's favor." *Randolph v. Joseph (In re Joseph*), 665 B.R. 783, 790 (Bankr. E.D. Ky. 2024) (citation omitted). As more fully explained in the Motion, despite the extreme nature of the remedy sought by Plaintiffs, the allegations in the Complaint regarding § 727 consist of only four sentences, exclusive of the reincorporation paragraph. Plaintiffs merely paraphrase the statutory language of § 727(a)(2) and (3), assert one facially implausible allegation regarding Dr. Johnson's sale of Hospital Innovations, and conclude that Dr. Johnson is not entitled to a discharge. Complaint at ¶¶ 69 - 72. These allegations fall woefully short of pleading a plausible claim under § 727(a)(2) and (3). Notably, Plaintiffs do not even attempt to argue in the Response that the causes of action under § 727 were adequately pled – they undoubtedly were not.

Plaintiffs in their Response instead focus their arguments concerning Count V on standing to bring a claim under § 727. *See* Response at 14. Plaintiffs argue that they are "creditors" within the meaning of the Bankruptcy Code, that they therefore have standing to object to discharge, and

that Dr. Johnson's position, if accepted, would require Plaintiffs to extend the deadline to object to discharge while they prosecuted a separate lawsuit to obtain a judgment. *Id.* Dr. Johnson, however, does not contend that a judgment must be obtained prior to filing an action to deny discharge, but only that a complaint filed under § 727 must plausibly allege that the plaintiff may have a valid claim against the debtor. Here, because of the conclusory nature of the allegations in the Complaint, Plaintiffs have not made that showing.

In addition, nothing would prevent Plaintiffs from including separate counts in a complaint filed under 11 U.S.C. § 727 to separately determine and liquidate any alleged debt. Indeed, as described above, such is required to maintain a cause of action under 11 U.S.C. § 523(a) when the underlying debt is contingent or disputed. *See Lorentz v. Dick (In re Dick)*, No. 24-10766, 2025 WL 1635507, at *4 (Bankr. S.D. Ohio Feb. 12, 2025).

For the above reasons, Count V must be dismissed.

**D. All claims asserted in Count VI should be dismissed.**

Count VI sets forth four disjointed claims or legal theories – "Fraudulent Transfer, Conversion, Civil Conspiracy or Alter Ego" – against "Debtor and Defendants," without specifying the applicable state law under which the claims and legal theories are being asserted, what relief is being sought against which Defendant, or any coherent factual allegations that would put each Defendant on notice of the relief being sought and the grounds for such relief. Complaint at ¶¶ 74 – 79. This type of pleading violates Civil Rules 8 and 9, as well as Civil Rule 10(b), requiring "that each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." Fed. R. Civ. Pro. 10(b). Based on this alone, Count VI should be dismissed. *Stanard v. Nygren*, 658 F.3d 792, 797-798 (7th Cir. 2011) (noting that the primary purpose of Civil Rule 8 and 10 "is to give defendants fair notice of the claims against them and

the grounds supporting the claims[,]" and stating "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy) (citations omitted).

Tellingly, Plaintiffs do not contest that the causes of action in Count VI are facially defective. As described in the Motion, any claim for fraudulent transfer must fail because (a) if and to the extent any claim for fraudulent transfer exists, it is property of the bankruptcy estate and only the trustee has authority to bring such claim; and (b) any claim to recover any fraudulent transfer would be against 360 Healthcare, which is not a defendant in this adversary proceeding. Motion at ¶ 52.

Nor can Plaintiffs validly dispute that their asserted claims for conversion, civil conspiracy, and alter ego lack facial plausibility. Plaintiffs' Complaint (a) does not identify any property owned by them over which Dr. Johnson wrongfully exercised dominion or control, as required to state a claim for conversion (*see Girard Techs. Inc. v. Stiles*, 273 N.E.3d 935, 944 (Ohio Ct. App., 7th Dist. 2025) (regarding the elements of conversion)); (b) fails to allege any specific agreement or malicious combination whereby Dr. Johnson and another specific person worked together to injure Plaintiffs or their property (*see Rhoads v. Olde Worthington Bus. Ass'n*, 246 N.E.3d 87, 107 (Ohio Ct. App., 10th Dist. 2024) (describing the elements of civil conspiracy)); and (c) with respect to Plaintiffs' alter-ego theory, Plaintiffs fail to describe which entity's or entities' corporate veil should be pierced and to allege any facts showing that such entity or entities lacked a separate corporate existence, that Dr. Johnson ignored corporate formalities, or that such entity was used to commit a specific fraud against Plaintiffs. *See Dombroski v. WellPoint, Inc.*, 895 N.E.2d 538, 543 (Ohio 2008) (describing the elements required to pierce a corporate veil). Undoubtedly, Plaintiffs' Response does not cure these defects and Count VI must be dismissed.

## III. Conclusion

For the foregoing reasons and the reasons stated in the Motion, Dr. Johnson respectfully requests an order dismissing all claims set forth against him in the Complaint in their entirety.

Respectfully submitted,

*/s/ Philip K. Stovall*
Philip K. Stovall (0090916)
**HAHN LOESER & PARKS LLP**
65 E. State Street, Suite 2500
Columbus, Ohio 43215
Phone: (614) 221-0240
Fax: (614) 221-5909
E-mail: pstovall@hahnlaw.com

*Counsel to Defendant John A. Johnson*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *Reply of John A. Johnson in Support of Motion to Dismiss Complaint* was served on the date of filing electronically through the court's ECF System on all ECF participants registered in this case at the email address registered with the court.

*/s/ Philip K. Stovall*
Philip K. Stovall (0090916)